[Stanton v. Baird Lumber Co.]

# Stanton *v.* Baird Lumber Co.

*Action of Assumpsit.*

[Decided June 19, 1902.]

1. *Action to recover loan; when prima facie case not made out.*
Where, in an action of assumpsit against a corporation, the plaintiff claims in his complaint for money loaned by a third party to the defendant, which claim, it is alleged was transferred to the plaintiff, and the evidence introduced in the case tends to show that the money sued to recover was paid as an assessment on stock under common agreement of all the stockholders to provide for the indebtedness of the defendant corporation, or was a loan made to be refunded when the indebtedness of the corporation was paid off, but it is not shown that the debts of the corporation had been paid, such evidence is not sufficient to make out a *prima facie* case for the plaintiff, and all of such evidence is properly excluded on motion of the defendant.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action by the appellant against the appellee. The counts of the complaint, and the one upon which the trial was had, are sufficiently stated in the opinion. The only evidence offered as to the existence of the loan having been made by Fullerton, the alleged transferror of the plaintiff, was the testimony of said Fullerton who was the stockholder in the defendant corporation, and one Baird, who was the treasurer of said corporation. These declarations were admitted in evidence against the objection and exception of the defendant. There was other evidence introduced by the plaintiff, which tended to show that the $1,250 which was sued for, was an assessment made

by the defendant corporation upon the stock of said company and other testimony introduced for the plaintiffs tending to show that the stockholders of the Baird Lumber Company had mutually agreed to contribute $1,200 to the fund of the company, with the understanding that it should be refunded to them after all the various debts of the company had been paid off, and that said $1,250 sued for was contributed by Fullerton under such an agreement. It was further shown that the various debts of the company had not been paid off.

The defendant introduced no evidence; and upon the introduction of all the evidence by the plaintiff, the defendant made a motion to exclude all of such evidence, upon the ground that it was irrelevant and immaterial, and did not make out a *prima facie* case. Upon the court announcing that he would grant said motion, the plaintiff took a non-suit with bill of exceptions.

There was judgment for the defendant. The plaintiff appeals, and assigns as error the ruling of the court in excluding all of his evidence.

McINTOSH & RICH, for appellant, cited *Shields v. Byrd,* 15 Ala. 818; *Wood v. Coman,* 56 Ala. 283; *Downs v. Minchew,* 30 Ala. 86; *Untermeyer v. Freund,* 37 Fed. Rep. 342; 5 Am. & Eng. Ency. Law, (2d ed.), 39.

GREGORY L. & H. T. SMITH, *contra,* cited *Garner v. Hall,* 122 Ala. 221; *Sext v. Geise,* 80 Ga. 698; *Eastman v. Gould,* 63 N. H. 89; *Daunder Co. v. Stonewall,* 77 Ala. 184; *Collens v. Montemy,* 3 Ill. 182; *Archibald v. Argall,* 53 Ill. 307; *Erlin v. Simon,* 62 Minn. 128; *Osborn v. Moncure,* 3 Wend. 170; *Smith v. Aylesworth,* 40 Barb, 104; *Millett v. Hayford,* 1 Wis, 401; *Dugas v. Truxille,* 5 La. Ann. 116; *Winston v. Miller,* 12 Smead, 550.

DOWDELL, J.—The complaint contained four counts, but no effort was made by the plaintiff to prove either of the last three. The only evidence

offered was directed to the first count, which claimed for money loaned by Fullerton to the defendant and alleged to have been transferred to the plaintiff. The defendant offered no evidence, and upon the conclusion of the plaintiff's evidence, on motion of the defendant, the court excluded all of the evidence, on account of which ruling the plaintiff was forced to make a nonsuit.

There is but one assignment of error and that goes to the action of the court in excluding the plaintiff's evidence, and this presents the question as to whether a *prima facie* case had been made on the evidence. In the first instance, the court admitted certain portions of evidence offered by the plaintiff over the defendant's objection, which was subject to the objections made, and was the duty of the court to have ruled out—such for instance as the declarations of Fullerton, and of Baird the treasurer of defendant, which were made at a time when not acting for the defendant in connection with the transactions concerning which the declarations were made.—*Danner Land & Lumber Co. v. Stonewall Ins. Co.*, 77 Ala. 14. In this case it was said: "It is not within the scope of an agent's authority to bind his principal by admissions and declaratons having reference to by-gone transactions. Such declarations, to be admissible, must have been made while the agent was in the discharge of his duties as agent, and be so clearly connected with the main transaction which is sought to be elucidated or explained by them, as to constitute a part of the *res gestae* of such transaction." Whether the $1,250 was paid as an assessment on stock under a common agreement of all stockholders to provide for the indebtedness of the defendant corporation, or was a loan made, to be refunded, when the indebtedness of the concern was paid off, is immaterial, and under the evidence it was one or the other, and in either event the plaintiff failed to make a *prima facie* case. The complaint claimed for a loan made by Fullerton, and if the money was paid as an assessment on stock, certainly it could not be recovered as

a loan. If it was intended as a loan, and to be paid back when all of the debts of the corporation had first been paid off and satisfied, then no right of action to recover the loan as a debt could arise until the happening of the conditions.—*Garner v. Hall & Farley,* 122 Ala. 221. The burden of proof was on the plaintiff to show that the agreement upon which the loan was made had been completed and the debt had matured. There was no evidence of this, and for the want of it no *prima facie* right to recover was shown on the theory of a loan; and the court committed no reversible error in the exclusion of the evidence.

Affirmed.