[Town of Brighton v. Miles.]

# Town of Brighton *v.* Miles.

*Violating City Ordinance.*

(Decided June 13, 1907. 44 South. 394.)

1. *Intoxicating Liquors; Evidence.*—Evidence as to whether or not complaints had been made to the town marshall, before the commencement of the prosecution of the sale of hop-ale by the accused at his place of business, was incompetent as was evidence that a person had delivered hop-ale to accused at his place of business, there being no evidence of its sale at that time.

2. *Same; Declaration by Third Person.*—The declaration of accused's son, made without the hearing and presence of the accused, that accused had a license to sell hop-ale, was immaterial and not binding on accused.

3. *Evidence; Opinion; Intoxicating Effect of Beveridge.*—A witness having stated that he had bought two bottles of hop-ale from defendant, and drank them and that he had knowledge and experience as to the effect of intoxicating beverages, was competent to testify as to the effect of the hop-ale, as to being intoxicating.

4. *Same; Municipal Ordinances; Authentication.*—Where no question of the validity of the passage of the ordinance was raised, the ordinance was sufficiently authenticated for introduction as evidence where it was contained in a book purporting to be the ordinances of the town and certified as follows: "Town of Brighton: I hereby certify that this book is intended to be used, and to be known and is known, as the book or code of ordinances adopted by the board of Intendant and Aldermen of the town of Brighton. W. H. Skinner, (Intendant), Acting Clerk."

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Cicero Miles was tried for violating a city ordinance of the town of Brighton for selling spirituous, vinous or malt liquors and contrary to law. From a judgment of acquittal, the town appeals. Reversed and remanded.

The character of the action is sufficiently stated in the opinion. George Oliver testified that he was frequently at the place of business of Miles in the town of Brighton, and had bought hop ale from him at his place of busi-

ness. Witness testified, further, that he was familiar with and had knowledge and experience as to the effect of intoxicating beverages, and that he drank the contents of two bottles of hop ale which he had bought from Miles at his place of business in said town of Brighton. The counsel for the town asked him if, from his experience and knowledge of intoxicating beverages, he could testify that the hop ale bought by him from Miles at his place of business in Brighton during the month of September, 1906, was intoxicating or would produce intoxication. Objection was sustained to this question. Bob Johnson, a witness for appellant, was asked the following question: "Did Cicero Miles tell you at any time during the month of September, 1906, that he had license to sell hop ale in the town of Brighton?" Witness replied that Cicero Miles, a son of appellee, told him so. In introducing the book of ordinances of the town, the certification was introduced, which is as follows: "Town of Brighton: I hereby certify that this book is intended to be and is used, and to be known and is known, as the book or code of ordinaces adopted by the board of intendent and aldermen of the town of Brighton. W. H. Skinner (Intendent), Acting Clerk." There was judgment discharging the defendant, and the town appeals.

G. F. GOODWIN, for appellant.—The question to the witness Cox was not subject to the objections interposed and the court will not consider any others.—*A. G. S. R. R. Co. v. Baird,* 112 Ala. 67; *Inglehart v. Richter,* 33 South. 939. The witness Oliver was clearly competent to testify as to the intoxicating effect of hop-ale purchased of the defendant.—*Carson v. The State,* 69 Ala. 235; *Carl v. The State,* 87 Ala. 23. The fact that he

[Town of Brighton v. Miles.]

purchased it from defendant's wife was competent.—
*Guarreno v. he State,* 42 South. 835.

No counsel marked for appellee.

DENSON, J.—This is a prosecution by the town of
Brighton against the defendant for a violation of an
ordinance of the town prohibiting the sale, giving away,
or otherwise disposing of vinous, spirituous, or malt
liquors, or intoxicating beverages, within the corporate
limits of the town. The city court rendered judgment
discharging the defendant, from which the town ap-
pealed.

Whether or not any complaints had been made to the
marshal of the town, before the commencement of this
prosecution, of the sale of hop ale by the defendant at or
in his place of business in Brighton, was irrelevant and
incompetent evidence, and the court committed no error
in sustaining the defendant's objection to the question
calling for such evidence.

At the time the town made the effort to prove by the
witness Taylor that he had, during the month of Septem-
ber, 1906, delivered to defendant hop ale at his place of
business in Brighton, such evidence was incomplete and
irrelevant, and the court properly sustained the objec-
tion to the question calling for the evidence. After
George Oliver had testified to buying ale at defendant's
place of business from defendant's wife, the evidence
sought to be brought out from Taylor would have been
competent, as tending to show that defendant was deal-
ing in hop ale and that the wife was merely the agent of
the defendant in making the sale.

Witness Oliver showed himself a competent witness
to testify as to whether or not the hop ale purchased by
him was intoxicating. The court erred in not allowing

31 R

[Mahan v. Smith.]

him to do so. It was not necessary for the witness to be acquainted with the analysis of the ale to render him competent to testify whether or not it had an intoxicating effect on him, and the court erred in not allowing him to answer the question calling for such evidence.

The defendant was not bound by the declarations of his son, made out of his presence and hearing; and consequently the court committed no error in excluding the evidence of the witness Bob Johnson.

The next question is whether or not the ordinance of the town was sufficiently proved to the court to warrant its introduction in evidence. There being no question raised as to the regularity of the enactment of the ordinance, the proof made by the town was sufficient to let the ordinance in as evidence.—*Barnes v. Common Council of Alexander City,* 89 Ala. 602, 7 South. 437; *Selma Street & Suburban Railway Co. v. Owen,* 132 Ala. 420, 31 South. 598.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DOWDELL, JJ., concur.