(86 South. 100)

## Ex parte ALABAMA GREAT SOUTHERN R. CO.

## ALABAMA GREAT SOUTHERN R. CO. v. HUNT.

### (7 Div. 102.)

(Supreme Court of Alabama. June 30, 1920.)

1. Pleading ☜34(4) — Pleadings construed against pleader on demurrer.

On demurrer, pleadings are construed against the pleader.

2. Negligence ☜3—Standard of care stated.

The law's only standard for measuring human conduct, with a view to determining its legal propriety or freedom from culpability, is the course of action which consists with that which a reasonably prudent person, likewise advised, would have taken under similar circumstances.

3. Negligence ☜12 — Standard of care in emergency stated.

The standard whereby to measure the legal propriety or freedom from culpability of the conduct of a person subjected to sudden emergency or danger is the same in all cases, and is the care which a reasonably prudent person, likewise circumstanced or advised, would have taken or observed.

4. Appeal and error ☜1040(11)—Failure to sustain demurrer to counts of complaint where there were other good counts harmless.

Where there were counts ascribing plaintiff's injuries to the negligence of defendant railroad's employés, under which plaintiff's case might have been well tried, reversible error in failing to sustain demurrers to other counts of the complaint is not shown.

5. Carriers ☜284(2)—Carrier not under absolute duty to protect passenger from others than its agents.

With respect to violation of a passenger's rights by others than the carrier's agents, the carrier's duty to protect the passenger is not absolute, but is discharged by using every reasonable means to conserve his convenience, comfort, and safety; the carrier not being an insurer.

6. Appeal and error ☜1091(1) — Supreme Court must assume Court of Appeals considered assignments, which it must have done to affirm.

Where the conclusion of the Court of Appeals to affirm the judgment could not have been reached without actually reviewing points of the admissibility of evidence presented by assignments, though no allusion to such assignments was made in the opinion, it must be assumed by the Supreme Court on certiorari that the Court of Appeals considered the matters specified in the assignments and insisted on in the briefs, and that they did not disclose error.

7. Evidence ☜123(10, 11)—Testimony as to conversation with brakeman after accident to passenger inadmissible.

In an action against a railroad for injuries to a passenger frightened into jumping from a moving train by threats of summary execution as a German spy, testimony of a witness that, after he got to a point beyond where plaintiff jumped, he told a brakeman that a fellow jumped through the window, and the brakeman's answer, held inadmissible as not res gestæ; it constituting a recital of a past transaction either by the railroad's employé or another. (Per McClellan, Sayre, and Thomas, JJ.)

8. Trial ☜74—Only party propounding question may object answer not responsive.

Only a party propounding a question to a witness may object that the answer is not responsive, the opposite party having no right.

Certiorari to Court of Appeals.

Application by the Alabama Great Southern Railroad for certiorari to the Court of Appeals to review and revise the judgment of said court rendered in the case of Alabama Great Southern Railroad v. Ber F. Hunt, 86 South. 97. Writ awarded.

The following is charge 2 given for the plaintiff:

I charge you that if you believe from the testimony that this plaintiff was treated as he says he was on the occasion when he jumped from the train, and if you further believe that the men operating the train, or any of them, had knowledge of his treatment, or if from the circumstances they were put on notice that Hunt was being imposed upon, then it was the duty of those in charge of the train to protect Hunt, and it is their duty to protect him whether he appeal for it or not, and if those in charge of the train failed to so protect the plaintiff, then the defendant was guilty of negligence.

Assignments 27 and 28 relate to the evidence of the witness Wheeler Stout and his answer, as more fully appears from the opinion itself.

Goodhue & Brindley, of Gadsden, for appellant.

The oral charge of the court and charge 2 given for plaintiff was erroneous. 78 Tex. 385, 14 S. W. 890. The court was in error

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in admitting the evidence of the witness Stout. 77 Ala. 112; Id. 14; 132 Ala. 637, 32 South. 299. The court should have directed a verdict for the defendant on counts 10, 11, C, and D. 72 Mass. 224; 113 Ind. 205, 14 N. E. 541; 4 Ind. T. 462, 69 S. W. 937; 22 U. S. 825, 6 L. Ed. 101.

Isbell, Scott & Downer, of Ft. Payne, for appellee.

If a passenger acts as a reasonably prudent man would have acted, in view of the danger as it appeared to him, he is not guilty of contributory negligence. 6 Cyc. 637; 10 C. J. 1100; 132 Ala. 420, 31 South. 598. The trial court properly construed the law, as fully appears from the opinion of the Court of Appeals.

McCLELLAN, J. The plaintiff (appellee) sued the appellant (defendant) for damages for personal injuries suffered by him in leaping through the window of a moving train, upon which he was a passenger, because of threats, taunting, etc., directed to him, causing fright or fear, either by fellow passengers, from whose words or conduct the plaintiff claimed he should have been protected by the employés of the defendant, or to which he was subjected by employés of the defendant, for the consequences of which the defendant is accountable. Birmingham Railway & Elec. Co. v. Baird, 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43, among others.

The present opinion of the Court of Appeals, now under review, contains a statement of the facts and circumstances attending the event. There were many counts in the complaint. In some of them, after averring the facts and circumstances surrounding, it was averred:

"That in jumping from said train he acted as a reasonably prudent person would have done under similar circumstances, in view of the danger as it appeared to plaintiff."

[1-3] Through aptly grounded demurrer, addressed to such counts, the defendant took the objection, in effect, that the last phrase in the above quotation modified the just preceding general, and, it would seem, sufficient, averment that the action of the plaintiff was that which a reasonably prudent person would have taken under similar circumstances. Applying the familiar rule (to generally state it) that, when considered on demurrer, pleadings are construed against the pleader, the mentioned objection was well pointed by the demurrer. The last phrase of the quotation could only have been designed to introduce a factor that was not comprehended by the general allegation just preceding. If such had been the pleader's purpose, there could have been no possible reason for referring the plaintiff's act in leaping from the train to the plaintiff's "view of the danger" appearing to him, thus either omitting, neutralizing antecedent allegation, or at least casting in unjustifiable doubt the essential ascription to plaintiff of a course of conduct consistent with that a reasonably prudent man would have taken under like circumstances. The basis of this conclusion is that the law's only standard for measuring human conduct, with a view to determining its legal propriety or freedom from culpability, is the course of action that consists with that which a reasonably prudent person, likewise advised, would have taken under similar circumstances. Reaves v. Maybank, 193 Ala. 614, 625, 626, 69 South. 137, among others. The standard whereby to measure the legal propriety or freedom from culpability of the conduct or omission of a person subjected to sudden emergency or danger is the same, viz., that a reasonably prudent person, likewise circumstanced and advised, would have taken or observed. Selma Ry. Co. v. Owen, 132 Ala. 420, 430, 431, 31 South. 598, treating refused instruction numbered 4; Woodward Iron Co. v. Andrews, 114 Ala. 243, 258, 259, 21 South. 440; Cent. of Ga. Ry. Co. v. Foshee, 125 Ala. 199, 215, 27 South. 1006, among others.

[4, 5] Counts of this class were objectionable on the ground indicated; but, since there were counts ascribing, generally, plaintiff's (a passenger's) injuries to negligence of the carrier's employés, while derelict in the discharge of duty owed to this plaintiff, a passenger, under which plaintiff's case might have been well tried, error to reverse is not made to appear, though error was committed in the premises. It is held in the opinion of the Court of Appeals that instructions given the jury by the trial court averted any prejudicial effect consequent upon the overruling of the mentioned objection of the demurrer; this under the doctrine of Best Park, etc., Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929, and others in its line. This illustration of the doctrine of error without injury is, to say the least of it, of doubtful application in the present instance, because of the terms employed by the trial court, in its oral charge, in defining the measure whereby to determine the consistency vel non of plaintiff's conduct with the conduct a reasonably prudent person would have observed under like circumstances. In charge 2 (to be set out by the reporter), given for plaintiff, and in parts of the oral charge, the form of statement should have avoided anything susceptible of being interpreted by the jury as emphasizing the plaintiff's view or knowledge of the circumstances, to the minifying of such circumstances as a conclusion from the whole evidence might have established as the true conditions, etc., at the time. The more serious fault in charge 2, given at plaintiff's request,

is that in terms it imposed upon the carrier, through its employés, the duty "to protect" the passenger, whereas, with respect to the violation of the passenger's rights by others than the carrier's agents, etc., the duty is not absolute, but is discharged by using "every reasonable means" to conserve the passenger's convenience, comfort, and safety; the carrier not being an insurer. It was affirmative error to give this charge. Birmingham- Railway & Elec. Co. v. Baird, 130 Ala. 334, 343, 345, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43, quoting, affirmingly, Goddard v. Grand Trunk Ry. Co., 57 Me. 202, 2 Am. Rep. 39.

On the trial of the case the plaintiff propounded this question to his witness Wheeler Stout: "I will ask you if you said anything to Paul or the flagman or heard anybody else say anything to them after you arrived at Ft. Payne" (a station some distance beyond the point at which plaintiff jumped from the train)? The objection to the question stated these grounds: Incompetent, immaterial, irrelevent, called for matter res inter alios acta. Exception was duly reserved to the action of the trial court in overruling the objection. The witness answered as follows:

"After I got on the ground I told the flagman that a fellow jumped through the window. He said, 'He did?' and I said, 'Yes; he went plump in the ditch, and there will not anything cut him up;' and he said, 'Let him go.'"

[6, 7] Defendant's motion to exclude, on the grounds addressed to the quoted question, was overruled, and exception reserved. These rulings of the trial court are the subjects of assignments of error 27 and 28 on the record filed in the Court of Appeals. In the brief in support of the application for certiorari counsel for petitioner complain that the Court of Appeals did not pass upon the subjects of these assignments of error (27 and 28), and so notwithstanding these subjects were insisted upon the brief on submission as well as in the brief in support of application for rehearing in the Court of Appeals. It is true that no reference is made in the opinion of the Court of Appeals to the matter specified in assignments 27 and 28, but since the conclusion of the Court of Appeals to affirm the judgment could not have been attained without actually reviewing the subjects presented by these assignments, though making no allusion thereto in the opinion, it must be assumed that the Court of Appeals considered the matters there specified and insisted upon in the briefs, and concluded that the assignments did not disclose error. The trial court erred in respect of the action specified in assignment 27. The matter sought by the question was not of the res gestæ of the wrong declared on, "it being wholly inadmissible." 12 Mich. Dig. Ala. Rep.

p. 364. Its design was to elicit a recital by the witness of a past transaction, either by an employé of the carrier or by another. Stanton v. Baird Lumber Co., 132 Ala. 635, 637, 32 South. 299; So. Ry. Co. v. Reeder, 152 Ala. 227, 236, 44 South. 699, 126 Am. St. Rep. 23, and cases there cited. The motion to exclude was well founded on the same principle.

[8] In answer to the brief in reply to the petition for certiorari, it may be remarked that only a party propounding a question to a witness may object that the answer is not responsive; the opposite party having no right to object on that ground. 12 Mich. Dig. Ala. Rep. pp. 359, 360.

The judgment was affected with prejudicial error. The application for certiorari to the Court of Appeals is granted, the judgment of affirmance is reversed, and the cause is remanded to the Court of Appeals for further consideration consonant with this opinion.

Writ granted.

All of the members of the court participating in the decision concur in awarding the writ and reversing the judgment of the Court of Appeals. Justices SAYRE and THOMAS concur in the entire opinion. ANDERSON, C. J., and GARDNER and BROWN, JJ., rest their concurrence in the reversal upon error as to the charge given for plaintiff treated in the opinion. As to assignments ef error numbered 27 and 28, which were not treated by the Court of Appeals in its opinion, they express no views, holding that the result reached renders this question unnecessary to be considered.