## GOVERNOR, use, &c. v. BAKER et al.

1. When a sheriff is sued for failing to return an attachment, it is no defence that the property levied on was not subject to the attachment, therefore, a plea setting up this as a bar is bad.

2. It is no bar to such an action that the debt for which the attachment issued, has been paid.

3. To make the declarations of an agent admissible in evidence, it must be shown they were made during the time he was agent, and in respect to the transaction to which they related.

4. A sheriff sued for failing to return an attachment, may show, that by a mortgage and sale of the slaves levied on, previous to their seizure, the defendant had parted with his interest; not to excuse the default of the sheriff, but to reduce the damages.

5. The president of a bank, who was also a stockholder in it, is a competent witness for the sheriff, to prove a mortgage and sale of the slaves to the bank, previous to the levy of the attachment.

6. A stockholder in a bank may sell, or convey slaves by mortgage to the bank, in payment of a debt he owes the bank.

Error to the Circuit Court of Russel. Before the Hon. Geo. Goldthwaite.

Debt on the official bond of the defendant in error, as sheriff. The breach assigned is, that the plaintiff placed in the defendant's hands, as sheriff of Russell, a writ of attachment on the 8th January, 1842, against Thomas Preston, and William Nelms. That on the same day he levied the attachment on thirty-seven slaves, the property of Preston and Nelms, but wholly neglected and refused to return the writ of attachment so levied, according to its mandate, by reason whereof the demand was wholly lost.

The defendant pleaded—First, *non damnificatus*. Second, that the process was *functus officio*. Third, that the property was not subject. Fourth, that the plaintiff had been paid. Fifth, that the attachment was refused. Sixth, performance. These pleas were filed in short, by consent, as here stated. The plaintiff took issue on the first, second, fifth and sixth

pleas, and replied to the third in short by consent, that the sheriff was indemnified to make the levy of the attachment on the property by the plaintiff. To this replication the defendant demurred, and the court sustained the demurrer, thereupon the plaintiff took issue on the third plea. The plaintiff then demurred to the fourth plea, and his demurrer being overruled, he took issue thereon.

Upon the trial, the defendant proved that one Mangham, the agent of the plaintiff, informed a witness that he had received twenty-one negroes upon the debt, and that they were worth $6,300.

Also, that the slaves levied on by the attachment had been conveyed by mortgage by the defendants in attachment previous to its issue, to one Carey and others, to secure them as sureties, in a debt of $50,000, due by the defendants in attachment to the Bank of Columbus. That afterwards, and before the levy, a bill of sale was executed by defendants in attachment, to the bank, or some one for them, conveying absolutely, the slaves levied on in payment of the debt. The plaintiff objected to this testimony, but the objection was overruled, and he excepted.

The defendant then offered one Stewart as a witness, to prove the assignment by Carey and others, of the mortgage to the Bank of Columbus, and other facts. The plaintiff objected to his testimony, because he was a stockholder in the bank, but the objection was overruled, and the witness permitted to testify, to which he excepted.

The defendant then produced, and offered to read, the deposition of Thomas Preston, one of the defendants in attachment, to which the plaintiff objected, but the court permitted it to be read, and he excepted.

The plaintiff requested the court to charge the jury, if Preston, at the time of the execution of the mortgage and transfer to the bank, was a stockholder in the bank, the mortgage and bill of sale were void—which charge the court refused to give, and he excepted.

These matters are now assigned as error.

J. E. BELSER, L. E. PARSONS and W. W. McLESTER, for the plaintiff in error.

1. When a plea is taken in short, by consent, it must contain substance—*form* is only waived. Pollard v. Stanton, 5 Ala. 451; Gayle v. Randle, 4 Por. 232.

2. The third and fourth pleas, to the former of which the plaintiff replied specially, and to the latter demurred, do not answer the plaintiff's declaration. And where such a replication as is filed to the third plea, is demurred to as insufficient, if the plea is also insufficient, the court will go back to the first fault, and give judgment for the plaintiff. Rogers v. Smiley, 2 Porter, 249; Day v. Pickett, 4 Mum. 104, Morgan v. Morgan, 4 Gill & John. 395.

3. Again, as to both the pleas, this is not the case in which the sheriff can take the peril, as he has attempted to do. The command is, that he shall return the writ of attachment as the law directs, and he will not be permitted to say, that the property is not subject, or, that the plaintiff has been paid. Governor v. Powell, 10 Ala. 546; Chandler v. Crawford, 7 Ala. 506; Harris v. Bradford, 4 Ala. 214; Fowler v. Conner, 1 Dana, 358; Webster v. Quimby, 9 N. H. 433.

4. Further, the court erred in admitting the statement of what Vance would prove, in regard to the declarations of Mangham, the reputed agent of plaintiff. As set forth in the bill of exceptions, it is nothing more than hearsay testimony. Wood v. Clark, 24 Pick. 35; Bank v. McDade, 4 Porter, 253; Bradford v. Hagerty, 11 Ala. 701; Betts v. Huntsville Bank, 3 Stew. 18.

5. Parol evidence of the deed of trust, &c. and bill of sale, was not admissible, until some account of their absence, had been given to the court. Mordecai v. Beal, 8 Por. 529.

6. None of the other points raised on the bill of exceptions are waived.

S. HEYDENFELDT, for the defendants.

COLLIER, C. J.—The pleadings in this cause which follow the declaration are exceedingly untechnical and informal, to say nothing of substantial defects, and perhaps several of the issues are immaterial. We however forbear to notice the pleas, except so far as they are brought to our view by the demurrer.

1. The third plea is in these words, "that the property was not subject," to which the plaintiff replied, "that the sheriff was indemnified to make the levy of the attachment on the property of the plaintiff, Lowe." The replication is certainly bad; for if the slaves levied on at the suit of Lowe were not subject to the attachment, and could not have been rightfully sold to satisfy it, 'a bond of indemnity could not prevent the sheriff from showing the fact, if it was material to his defence. That it is competent for an officer when charged with a neglect of duty in parting with the possession of property which he had seized under process, to show that it was not subject to seizure, is abundantly shown by The Governor, use, &c. v. Gibson, et al. at this term, and cases there cited. But the present action is brought for the failure to return the attachment according to its mandate, and if the sheriff has failed to perform this duty, it is no answer to say that the property on which it was levied, was not the defendants, and could not have been subjected to the satisfaction of the judgment, which might have been rendered. Whether this be so or not, or whether any judgment could have been obtained, the sheriff became liable by his neglect, and the plaintiff could at least have recovered nominal damages. This conclusion rests upon legal principles too well established to require the aid of authority. As then the plea itself is faulty, the demurrer should have been visited upon it instead of being sustained to the replication only.

2. The fourth plea is also bad, and is as follows: "that the plaintiff, Lowe, has been paid." It is not alledged whether his debt has been paid *in toto*, or when it was paid. But if these defects were supplied, would it be allowable for the sheriff to excuse his neglect of duty by showing that the attachment issued for a cause which had no legal existence ?' The law made it imperative upon him to return it, and the failure to perform this duty was.a breach of his official bond. True, the measure of the plaintiff's damages would be graduated by the injury he sustained, but in any event he would be entitled to recover a nominal sum, and this is a sufficient reason to show that the plea does not answer the declaration.

3. "Where the act of an agent will bind the principal, there,

his representations, declarations, and admissions, rerpecting the subject matter will also bind him, if made at the same time, and constituting part of the *res gestae*." They are of the nature of original evidence, and not of hearsay ; the representation or statement of the agent in such cases, being the ultimate fact to be proved, and not an admission of some other fact. But the admission or declaration of an agent binds his principal only when it is made during the continuance of his agency in regard to a transaction then depending, *et dum fervet opus.* It is because it is a verbal act, and part of the *res gestae,* that it is admissible at all ; and therefore it is not necessary to call the agent himself to prove it; but whenever what he did is admissible in evidence, there it is competent to prove what he said about the act while he was doing it ; and it follows, that where his right to act in the particular matter in question has ceased, the principal can no longer be affected by his declarations—they being mere hearsay. 1 Greenl. on Ev. $ 113, and citations in notes ; 2 Phil. on Ev. C. & H's Notes, 168, *et seq.* This view of the law is quite sufficient to show, that the declarations of Mangham which were proved by Vance should have been rejected, for the reason that it was not shown they were made during the time he was the agent of Lowe, in respect to the transaction to which they related. The citations we have made very fully establish, that this was an essential pre-requisite to their admissibility.

4. The mortgage to Carey and others, who were the sureties of the defendants in attachment to the Bank of Columbus, and the bill of sale subsequently executed by the mortgagors for the slaves in question were clearly admissible evidence. True, they did not excuse the sheriff's default, yet they tended to show that the defendants had disposed of their interest in the slaves previous to their seizure by the sheriff, and that consequently the fact of their having been in his possession, did not authorize a verdict for damages beyond what would otherwise result from his default. The evidence then was altogether proper, as tending to reduce the extent of the recovery against the defendants in this action.

5. It is unnecessary to inquire whether the testimony of

the witness, Holland was properly received, as the court *mero motu* withdrew it from the consideration of the jury, and instructed them explicitly to disregard it.

6. The fact that the witness, Stewart, was a stockholder in, and President of the bank for whose benefit the slaves were purchased, did not disqualify him, and he was rightfully allowed to testify for the defendants. Neither the witness, nor the bank with which he was associated had any interest in the result of this suit. No matter what might be the extent of the plaintiff's recovery, the defendant could not call on the witness or the bank for indemnity, or reimbursement; and it is difficult to imagine a state of things in which, in legal contemplation, the witness or the bank could be prejudiced or advantaged by the verdict and judgment. If then, there was any possible objection to the witness, it lay to his credit instead of his competency. What has been said upon this point, applies with all force to the testimony of Preston, one of the defendants in attachment, and we need not therefore repeat the ground upon which the admissibility of his testimony may be vindicated.

7. No question is raised upon the record in respect to the statute of Georgia, which we find in the transcript, in relation to fraudulent assignments. But we would remark, that it was said, in Terrell et al. v. Green et al. 11 Ala. 207, that the intention of the legislature in the act referred to, was to break down the practice of giving preferences to certain creditors by deeds of assignment, and to compel debtors making assignments in trust, to place all their creditors on the same footing; that the mischief to be guarded against, was not the payment of one creditor, to the exclusion of others, by an actual, *bona fide* sale, for of this, as a general prevailing evil, little danger could be apprehended any where. We still think this is a just interpretation of the act, and it is in accordance with the decision of the highest court of Georgia. Eastman et al. v. McAlpin, 1 Kelly's Rep. 157; Davis et al. v. Anderson et al. Id. 176.

8. The fact that Preston was a stockholder in the Columbus Bank, could not impair or render inoperative the mortgage or subsequent sale. It is certainly allowable for a stock-

83

holder to borrow money from the bank in which he is interested, and if he may do this, it is difficult to perceive a reason why he may not secure its payment by a mortgage, or other security. The validity of such transactions is well supported by authorities which rest upon impregnable reasoning. Pope v. Brandon et al. 2 Stew. Rep. 401, is direct to the point.

It will appear from this view, that the circuit court erred in several of the points noticed, but we will not stop to recapitulate. The judgment is reversed, and the cause remanded.

CHILTON, J., not sitting.