# Hatchett *v.* Molton.

*Action for Money Had and Received.*

1. *Presumption as to pleas.*—When the plaintiff recovers a judgment on verdict, but the record does not show what pleas were filed, this court will presume that only the general issue appropriate to the action was pleaded.

2. *Assignment of judgment, or claim in suit; contest between assignees.* Plaintiff's attorney of record having received the money collected on a judgment, and paid it over to a creditor who claimed under a verbal transfer by plaintiff made before the institution of the suit; if a valid transfer was in fact made, neither the plaintiff himself, nor a subsequent assignee, could recover the money by action; and if no valid transfer was in fact consummated, a subsequent assignee might maintain an action for money had and received against such creditor, without regard to the date of the assignment to him.

3. *Deposit in post-office, operating as delivery.*—A written contract, deposited by the promisor in the post-office, and addressed to the promisee, by whom it is afterwards received, takes effect, and becomes operative as a contract, from the day on which it was so deposited in the post-office.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Thomas Molton, against Wm. T. Hatchett, to recover a sum of money which had been paid over to the defendant by Jeff. Falkner, and which he had received as attorney of record for A. J. Terrell *et al.*, under a judgment in favor of said *Terrell et al. v. Cunningham.* The bill of exceptions purports to set out all the evidence, and shows that each of the parties claimed the money under a transfer or assignment by said Terrell, who was indebted to each of them. The defendant claimed under a verbal transfer said to have been made to him by said Terrell, at or about the time of the institution of the suit against Cunningham, in the presence of said Falkner, or in his office; and the money was paid over to him, under this claim, on the 7th July, 1883. The plaintiff claimed the money under a verbal transfer by said Terrell, as proved by his declarations while the suit was pending, and also under a written assignment, which was dated May 4th, 1883, and transmitted to him by mail from Texas, where said Terrell then resided, but which did not come to plaintiff's hands until July 12th, 1883. The court charged the jury, on the request of the plaintiff, " that if one deposits in the mail a contract for another, and it is afterwards received by the person to whom

it was sent, the delivery in the mail is a delivery to the person to whom it was sent, from the day it was deposited in the post-office to be sent by mail." The defendant excepted to this charge, and he here assigns it as error.

GUNTER & BLAKEY, for appellant.

WATTS & SON, *contra*.

STONE, C. J.—Terrell recovered a sum of money from Cunningham, which was received by Terrell's counsel, and paid by him to Hatchett, the defendant in this suit. Hatchett was a creditor of Terrell, and he asserts the right to receive and hold the money, on the following alleged state of facts: That before the suit was brought against Cunningham, there was an agreement and contract by which Terrell transferred to Hatchett whatever sum might be recovered from Cunningham, in payment of the debt Terrell owed to Hatchett. Under this alleged contract, counsel had paid the money to Hatchett.

The plaintiff denied the making of such contract between Terrell and Hatchett, and asserted claim to the money under a written transfer and order, executed by Terrell to him after the money was recovered, but before this suit was brought. There seems to have been no dispute that Terrell did execute the written transfer and order; that it was done in the State of Texas, and in the absence of plaintiff, and that Terrell mailed the transfer to plaintiff, who received it subsequently, and before this suit was brought. The testimony tends to show that this transfer and order was signed and mailed by Terrell, before the money was paid by counsel to Hatchett; but it is not shown it was received by plaintiff, until after such payment. This suit is brought by Molton, the alleged transferree, to recover the money so paid to Hatchett. Plaintiff had a verdict and judgment. No pleas appear in the record, but the judgment recites that the cause was tried on issue joined. Such recital raises the presumption, that general, but not special defense was interposed.—1 Brick. Dig. 781, §§ 122, 123.

The contested fact, in one aspect of this case, was, transfer *vel non* from Terrell to Hatchett. If Terrell, for a valuable consideration, sold to Hatchett the product of the suit against Cunningham, and the contract of sale was consummated by an agreement upon all its terms, then the payment to Hatchett was rightful, and he received only what was his own. In such case, neither Terrell, nor any one claiming under him, could maintain an action against him for the recovery of the money. So, if there was no consummated contract of sale from Terrell to Hatchett, then counsel was not authorized to pay the money

[Levisohn v. Waganer.]

to Hatchett, and the funds would be, in the hands of the latter, so much money had and received for the use of Terrell, or his transferree. It is thus shown that, in either event, the time when the sale and order to Molton took place, was wholly immaterial, provided it was before the institution of the present suit. The charge excepted to could not possibly have injured the present appellant, on this phase of the case.

There was, possibly, another aspect of this case, which is not presented in the record.

There was no error in the charge given. A written contract, deposited in the mail, addressed to the promisee, and afterwards received by him, becomes a binding contract from the day of its deposit in the mail.—2 Parsons Contr. 6th Ed., 582.

Affirmed.