### GULF, M. & N. R. CO. v. FOWLER.
### (1 Div. 454.)

(Court of Appeals of Alabama. Nov. 14, 1922. Rehearing Denied April 3, 1923.)

**1. Appeal and error ⊚⟳1078(3)—Ruling on demurrer, not insisted on in brief, not considered.**

Assignments of error relating to rulings on demurrers, when not sufficiently insisted on in the brief, are waived and not considered.

**2. Appeal and error ⊚⟳1048(6)—Refusing to require answer on cross-examination not reversible error, in view of previous statements.**

Where plaintiff as a' witness stated that, as she approached the railroad crossing where she was run down by an engine, she was moving slowly, and when she came nearly on the track discovered a train approaching some 280 feet down the track, the refusal to require her to answer a question on cross-examination that she may have said to the doctor that when she first saw the train it was about 20 feet away was not reversible error, in view of her previous statement that she did not remember what she stated to the doctor on the occasion inquired about.

**3. Evidence ⊚⟳553(1)—Submitting hypothetical question based on evidence not error.**

In an action for a crossing accident, where there was ample evidence to support it, there was no error in submitting a hypothetical question as to the distance within which an engine

and three cars, running 15 miles an hour, could be stopped by the application of an emergency brake.

**4. Trial ⊚⟳91—Objection to admission of evidence held too late.**

Motion to exclude testimony of a witness, which was brought out on direct and cross-examination without objection, will be denied.

**5. Railroads ⊚⟳351(22)—Charge on discovered peril held erroneous.**

A charge which fastens liability on defendant for injury at a crossing, if it did not, on discovery of plaintiff's perilous position, so regulate the speed of the train as to bring it to a stop, and which ignores the proposition that defendant's servants must have discovered her perilous position in time to have avoided the injury, is erroneous.

**6. Railroads ⊚⟳338 — Injury avoidable after peril is discovered actionable.**

Where the peril of a person on a crossing could have been discovered in time to avoid injury by the exercise of due care on the part of the railroad's servants, and if the injury was the result of failure to perform defendant's duty, plaintiff may recover, although guilty of culpable negligence.

**7. Appeal and error ⊚⟳916(2)—Trial presumed to have been had on plea of general issue.**

The record did not disclose that any plea was filed to a count, and judgment entry recited that trial was had on issue joined, it will be presumed that trial was had on the plea of the general issue.

**8. Negligence ⊚⟳117, 119(3)—Special plea of contributory negligence essential.**

Under the plea of the general issue, no acts of contributory negligence could be shown, nor could such acts, in the absence of a special plea, defeat recovery, if plaintiff was otherwise entitled thereto.

**9. Railroads ⊚⟳351(22)—Charge on discovered peril held proper under pleadings.**

A charge authorizing recovery, if plaintiff was so near the track as to be in danger of being struck by a train, and this was known to defendant's servants in time for them to have stopped or slowed down so as to avoid a collision, held proper under pleadings showing negligence after discovery of peril.

**10. Trial ⊚⟳260(1) — No error in refusing charge covered by charges given.**

Error cannot be predicated on the refusal of charges covered by charges given.

**11. Trial ⊚⟳251(8)—Charges on doctrine of stop, look, and listen held properly refused as inapplicable.**

In an action for injuries at a crossing, where no question of initial negligence was in issue, and the case was tried under a count charging subsequent negligence, it was proper to refuse defendant's instructions on the doctrine of stop, look, and listen.

---

⊚⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Trial ⬅️252(1)—Charge not based on facts properly refused.**

Where there were no facts in the case justifying the giving of a requested charge, no error was committed in its refusal.

**13. Trial ⬅️251(8)—Charge on wanton negligence held inapplicable.**

Where defendant was not charged with willful and wanton negligence, there was no error in refusing a requested charge relating thereto.

**14. Railroads ⬅️350(33) — Negligence as to automobile driver discovered in peril held for jury.**

Where there was evidence on the part of plaintiff that she was in a perilous position on defendant's tracks, which was known by defendant's servants in time to have avoided injury, and evidence on the part of defendant that plaintiff was suddenly placed in such position by the use of the forward instead of the reverse gear of her automobile, and that such position was attained when the engine was within a few feet of her, the question of liability was for the jury.

**15. Appeal and error ⬅️1078(1)—Errors not insisted on in brief not considered.**

Assignments of error, not insisted on in the brief and argument, will not be considered.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by Julia Fowler against the Gulf, Mobile & Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 2 of the complaint, upon which the cause was tried, charged, in substance, that defendant operated a line of railroad in the city of Mobile; that on the occasion in question plaintiff was lawfully crossing this line of railroad, at a public street crossing, in her automobile; that while plaintiff was in a place of danger on or near the track an engine and train of defendant, operated and controlled by its servants or agents in the line and scope of their authority, was approaching the crossing at such a distance therefrom as to permit of the stopping or slowing of the engine and avoidance of injury to plaintiff, and that, though said servants or agents knew of plaintiff's peril, and had means at hand of stopping or slowing the train, they negligently failed to use such means, but negligently permitted said engine or train to run against plaintiff's automobile, causing the injuries alleged.

Plaintiff, as a witness, testified, in effect, that as she approached the crossing she was moving slowly; then when she came nearly upon the track she discovered the train approaching some 280 or 290 feet down the track; that she observed that, at the point where she stopped, the "bumper" of the automobile extended beyond the first rail, and,

with the purpose of reversing the car, pushed the lever into "second," by mistake, and accelerated the motor, whereupon the car shot forward and was struck by the engine. Further testifying, on cross-examination, the plaintiff said:

"As to whether I told Dr. Jackson when he came to see me in the afternoon that, when I first saw the train, it was about 20 feet away and that I did not know what happened, will say I don't remember saying that."

Defendant then asked the witness: "You may have said that?" To this question plaintiff objected, the court sustained the objection, and defendant excepted.

Charges 1, 2, and 3 given at plaintiff's request, are as follows:

"1. I charge you, gentlemen of the jury, if the servants or agents of a railroad company in charge of a train of cars sees a vehicle on the track, or dangerously near to it, and sees that the driver of the vehicle is either ignorant of the approach of the train or driving without regard to it, it is the duty of the servants or agents of the train to so regulate the speed of the train as to be able to immediately stop it, and to actually stop it in time to prevent injury, if that becomes necessary, and if they fail to do so and damage results by reason thereof, the railway company is liable therefor, for damages claimed by the complaint, and proved, not exceeding amount claimed. In such a case, if the vehicle is on or dangerously near the track through the negligence of the driver, such negligence is a remote, not proximate, cause of the injury.

"2. I charge you, gentlemen of the jury, if the plaintiff's peril was discovered in time to avoid the injury by the exercise of due care on the part of the defendant, and the injury was the result of its failure to perform its duty in this respect, plaintiff would be entitled to recover, although she may have been guilty of culpable negligence in the first instance.

"3. I charge you, gentlemen of the jury, if you are reasonably satisfied from all the evidence that the plaintiff was on or so near the railroad track of the defendant's company as to be in danger of being struck by a passing train, and this fact known to the servants or agents in charge of train of the defendant in time for the said servant or agent of defendant to have stopped or slowed the train so as to have avoided a collision, and the defendant's train was not stopped or slowed and the collision occurred, then you must find for the plaintiff for such damages as the evidence shows was sustained claimed in complaint."

The following charges were refused the defendant:

"13. If the jury are reasonably satisfied from the evidence in this case that the plaintiff negligently failed to stop, look, and listen before attempting to cross the track, within the space that would have been sufficient to enable her to stop said automobile before going on said track, in the event she discovered the train approaching, and that this proximately con-

tributed to the injury, you cannot find for the plaintiff unless the engineer, after the fireman or he became conscious of the peril of plaintiff or the automobile, had time to stop the engine before striking it or her by the skillful use that a skillful engineer could have made of all means at hand to stop said engine.

"15. The court charges the jury that, where one, without stopping, looking, or listening at a public crossing before attempting to cross or putting herself in peril, the railroad company owes her no duty except the exercise of reasonable care and diligence to avoid injuring her or her property as soon as her peril becomes evident.

"16. If you are reasonably satisfied from all the evidence in this case that the plaintiff failed to stop, look, and listen before reaching a place where she would be struck by the train in passing, and that she then attempted to drive across the track in front of the approaching train, and that all of this proximately contributed to the injury, you cannot find for the plaintiff unless the engineer. after he or the fireman became conscious of the peril of the plaintiff or her automobile, had time to stop or slow down the engine before and so as to avoid striking her or said automobile by the skillful use that a skillful engineer could have made of all the means at hand to stop the engine.

"18. The court charges the jury that, if the plaintiff drove from a place of safety in front of an approaching train and so close thereto that the engineer could not, by the use of all means known to skillful engineers, avoid the injury, then the plaintiff cannot recover.

"19. If the jury are reasonably satisfied, from all the evidence in this case, that the operatives of the train did not willfully or wantonly run into the plaintiff's car, or negligently run into it after the discovery of her peril, they must find for the defendant."

Rich & Hamilton, of Mobile, for appellant.

It is not the duty of trainmen, on merely seeing an automobile driver in peril, absolutely to so regulate the speed of the train as to prevent injury. He must be seen in time to stop. 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; 190 Ala. 156, 67 South. 269; 78 South. 159; 202 Ala. 222, 80 South. 44; 179 Ala. 303, 60 South. 922; 201 Ala. 164, 77 South. 690; 193 Ala. 614, 69 South. 137; 16 Ala. App. 614, 80 South. 688. The law does not require a higher degree of care than that of a skillful engineer under like circumstances. 205 Ala. 179, 87 South. 533. Charge 3 was erroneously given for plaintiff. 199 Ala. 654, 75 South. 15; 156 Ala. 269, 47 South. 84; 203 Ala. 555, 84 South. 260; 201 Ala. 5, 75 South. 154; 164 Ala. 308, 51 South. 338. Trainmen, seeing an autoist approaching a public crossing, have the right to assume that he will not put himself in danger. 196 Ala. 77, 71 South 455; 179 Ala. 303, 60 South. 922; 197 Ala. 151. 72 South. 328; 203 Ala. 36, 82 South. 100; 203 Ala. 3, 81 South. 671; 205 Ala. 179, 87 South. 533; 185 Ala. 659, 64 South. 581; 125 Ala. 227, 27 South. 979. The defendant was due the general charge. 199 Ala. 654, 75 South. 15; 156 Ala. 269, 47 South. 84; 203 Ala. 555, 84 South. 260; 199 Ala. 571, 75 South. 159; 169 Ala. 308, 53 South. 805.

Wm. B. Inge and Roy R. Cox, both of Mobile, for appellee.

Charge 1 was given for plaintiff without error. The charge as given necessarily implied liability on defendant, if and only in event the train could have been stopped in time to prevent injury, after defendant's agents or servants saw plaintiff's dangerous position. The charge was not misleading; but, if defendant was of opinion it had a tendency to mislead, explanatory instructions should have been requested. 12 Michie's Ala. Dig. 517; 14 Michie's Ala. Dig. 1029; 179 Ala. 539, 60 South. 838; 200 Ala. 669, 77 South. 43; 189 Ala. 656, 66 South. 632; 3 Ala. App. 375, 57 South. 404; 17 Ala. App. 280, 84 South. 630. Charges 2 and 3 were correctly given for plaintiff. 3 Ala. App. 375, 57 South. 404; 199 Ala. 656, 75 South. 15; 156 Ala. 281, 47 South. 84. By reason of plaintiff's danger she is not expected to exercise such care as would cause her to do exactly the proper thing. 117 Ala. 274, 23 South. 778; 97 Ala. 141, 12 South. 86; 174 Ala. 657, 56 South. 1013; 128 Ala. 313, 29 South. 562; 10 Michie's Ala. Dig. 579. The case having been tried on subsequent negligence, the doctrine of stop, look, and listen has no application. 199 Ala. 657, 75 South. 15.

MERRITT, J. [1] Assignments of error, relating to the overruling of the defendant's demurrers, not being sufficiently insisted upon in brief of appellant, are waived, and are not considered. Dowling-Martin Grocery Co. v. J. C. Lysle Milling Co., 203 Ala. 491, 33 South. 486; Barbour Plumbing Co. v. Ewing, 16 Ala. App. 280, 77 South. 430; Id., 201 Ala. 237, 77 South. 763; Lynn v. Kelly, 204 Ala. 206, 85 South. 394.

[2] There was no reversible error in refusing to require the plaintiff to answer the question propounded to her on cross-examination that she may have said to Dr. Jackson that when she first saw the train it was about 20 feet away, and that she did not know what happened. The witness had just stated previous to this question that she did not remember what she stated to Dr. Jackson on the occasion inquired about. To have admitted what she may have said, under these circumstances, would be to submit, to the jury testimony of a highly speculative character.

[3] There was ample evidence, as appears from the record, upon which to submit the hypothetical question to the witness as to the distance within which an engine and three cars could be stopped, running 15 miles an

.hour, by the application of an emergency brake.

[4] Count 4 of the complaint, which among other things alleged that the crossing where the injury took place was continuously and constantly used by a large number of people, and this fact was known to the appellant, had not been eliminated at the time appellant made its motion to exclude the testimony of the witness Adams, to the overruling of which motion the appellant reserved an exception. Moreover, the alleged extraordinary character of the testimony, which was stated as the basis of the objection, was brought out on direct examination and cross-examination, without any objection on the part of the appellant, and it is doubtful if appellant should thus have speculated. If there was any merit in the objection it came too late.

[5] There was error in giving written charge 1 for the plaintiff. This charge ignores the proposition that the servants or agents of defendant's train must have discovered the perilous position of the plaintiff in time to have avoided the injury. It is true that Judge De Graffenried in the case of B. R., L. & P. Co. v. Demmins, 3 Ala. App. 375, 57 South. 410, uses the language incorporated in the charge, but a reading of the opinion in that case; and the part of the opinion cited in the case of Armour & Co. v. Alabama Power Co., 17 Ala. App. 280, 84 So. 628, discloses that the following language in the opinion follows that incorporated in charge 1, as follows: "We have often held that if the plaintiff's peril was discovered in time to avoid the injury," etc., plaintiff would be entitled to recover. The charge as given fastens liability on the defendant, if he does not, upon discovery of the perilous position of the plaintiff, so regulate the speed of the train as to bring it to a stop. This might be an impossibility—indeed under the evidence offered in this case by the defendant it was an impossibility, its contention being that the discovery of the plaintiff's position was only made when it was within a few feet of her. It is also true that the oral charge and one or more given written charges embody the instruction that the perilous position of the plaintiff must have been known in time to have avoided it, but given instruction 1 is just as emphatic that this was unnecessary, and we are unwilling to declare that the giving of this charge, even under these circumstances, was not injurious to the defendant.

[6] There was no error in giving written charge 2 for the plaintiff. B. R., L. & P. Co. v. Demmins, 3 Ala. App. 375, 57 South. 410.

[7, 8] The record does not disclose that any pleas were filed by the defendant to count 2 as originally filed, or as amended, and the judgment entry reciting that the trial was had on issue joined, it will be presumed that the trial was had on the plea of the general issue. Odum v. Rutledge, 94 Ala. 488, 10 South. 222; Hatchett v. Molton, 76 Ala. 410. Under this plea, no acts of contributory negligence could be shown, nor could such acts, in the absence of such special plea, defeat a recovery by the plaintiff, if otherwise entitled to recover. S. A. L. R. R. v. Laney, 199 Ala. 656, 75 South. 15; Ala. Great So. Ry. v. McWhorter, 156 Ala. 269, 281, 47 South. 84.

[9-11] Written charge 3 was properly given for the plaintiff under the pleading in this case. Written charge 3, refused to the defendant, was substantially covered by written charge 2 given the defendant. Written charges 8 and 9 were substantially covered by other written charges given the defendant. Written charges 13, 15, and 16 were properly refused to the defendant.

[12, 13] No question of initial negligence was at issue under count 2, this being the count under which the case was tried, and the doctrine of "stop, look, and listen" had no application. The facts in this case did not justify the giving of written charge 18, and there was no error committed in its refusal. The defendant was not charged with willful and wanton negligence, consequently there was no error in the refusal of written charge 19.

[14, 15] The general affirmative charge was rightly refused to the defendant. There was evidence on the part of the plaintiff and her witnesses that tended to show that she was in a perilous position on defendant's railroad track, and that this was known, or could have been known, to the operatives of defendant's train in time to have avoided the injury. On the other hand there was evidence on the part of the defendant which tended to show that while plaintiff was in such a position she was suddenly placed there, by using the forward instead of the reverse gear on her car, and that such position was attained when its engine was within a few feet of her, and that they did all that was known to skillful operatives of a train to avoid such injury, and with these two conflicting lines of testimony, it is evident that the question of the defendant's liability was one for the jury. Other assignments of error not insisted upon in brief and argument will not be considered.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.