(107 So. 73)

**C. C. SNYDER CIGAR & TOBACCO CO. v. STUTTS.　(8 Div. 779.)**

(Supreme Court of Alabama.　Jan. 14, 1926.)

**1. Automobiles ⬯238(2)—Count for collision held insufficient in failing to show duty.**

In action for damages from collision of automobiles, a count which did not show that plaintiff at the time of the collision was at a place where defendant owed him the duty of exercising due care not to collide with plaintiff *held* not to state a cause of action.

**2. Automobiles ⬯238(1)—Count for collision held good.**

Count in automobile collision case *held* to state cause of action.

**3. Pleading ⬯45—Allegation of venue unnecessary, being matter for defensive pleading in abatement.**

In action for damages from collision of automobiles, an allegation of venue was not necessary, since that is matter for defensive pleading in abatement.

**4. Evidence ⬯25(2)—Alabama courts judicially know that city of Florence is municipal corporation, and that its streets are public streets and highways.**

Alabama courts judicially know that city of Florence is municipal corporation, and that its streets are public streets and highways; hence it is not necessary to allege such facts in an action for damages arising from automobile collision in such city on its streets.

**5. Abatement and revival ⬯3—Absence of evidence that defendant was doing business in county did not entitle defendant to general affirmative charge, where there was no plea to venue.**

Absence of evidence that defendant was doing business in county of suit as alleged in the complaint did not entitle defendant to general affirmative charge, where there was no plea to the venue raising such an issue.

———

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 213 Ala. 281.

**6. Corporations** ⊛⇒503(2)—**Defendant held to be "doing business" within venue statute.**

Defendant corporation, whose salesman testified that he solicited goods in certain cities which were located in the county of suit, that he was defendant's salesman and sold goods for them in the county of suit at the time the cause of action arose, *held*, under such testimony, to have been "doing business" in the county of venue within Code 1923, § 10471, relating to venue.

**7. Evidence** ⊛⇒317(9)—**Testimony defendant's driver admitted collision was due to his fault held objectionable as hearsay.**

Testimony that defendant's automobile driver admitted that collision was due to his fault *held* objectionable as hearsay, where such statement was not a part of the transaction, but a comment only, based upon retrospection and deliberation.

**8. Trial** ⊛⇒84(1)—**Objection that testimony was illegal, irrelevant, and immaterial, and conclusion, held waiver of objection it was hearsay.**

Objection that testimony was illegal, irrelevant, and immaterial, and conclusion, *held* waiver of objection it was hearsay.

**9. Evidence** ⊛⇒314(2)—**Testimony defendant's driver admitted collision was his fault was objectionable as conclusion through medium of hearsay.**

Testimony that, after defendant's car collided with plaintiff's car, defendant's driver admitted that the collision was due to his fault was objectionable as a conclusion through the medium of hearsay, where the declaration was merely a comment on a transaction based upon retrospection and deliberation.

**10. Evidence** ⊛⇒241(1)—**Declarations of agent are binding on principal only when they accompany and illustrate act of agency.**

Declarations of agent are binding on principal only when they accompany and illustrate act of agency.

**11. Appeal and error** ⊛⇒1050(1)—**Admission of alleged declaration of defendant's driver that collision was due to his fault held prejudicial error.**

In automobile collision action, admission of alleged declaration of defendant's auto driver that the collision was due to his fault was prejudicial error, where declaration was admitted, not to contradict declarant, but to bind defendant as principal.

**12. Automobiles** ⊛⇒243(1)—**Evidence of driver's agreement for plaintiff's use of dealer's car while plaintiff's car was being repaired held irrelevant.**

In action for automobile collision, agreement made between defendant's driver, plaintiff, and automobile dealer that the latter should let plaintiff have another car to use while plaintiff's injured car was being repaired *held* inadmissible as being irrelevant.

**13. Appeal and error** ⊛⇒1058(3)—**Error, if any, in not permitting defendant to show certain facts on cross-examination, which were thereafter brought into testimony of another held harmless.**

Error, if any, in not permitting defendant to show certain facts on cross-examination of plaintiff *held* harmless, where the testimony sought to be introduced was supplied fully on the cross-examination of another witness.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Action by John W. Stutts against the C. C. Snyder Cigar & Tobacco Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Counts 1, 2, and 5 (as amended) of the complaint are as follows:

"(1) Plaintiff claims of the defendant the sum of $400 in that, heretofore and on, to wit, the 29th day of December, 1923, the defendant, a corporation doing business in the city of Sheffield, Ala., in the state of Alabama, county of Colbert, and incorporated under the laws of the aforesaid state, by its servant or agent, acting within the line and scope of his duty, did so negligently run or drive an automobile of the defendant corporation as to run into or against the plaintiff's automobile, which was being driven by plaintiff. Plaintiff further avers that his automobile was damaged, and that the damage complained of was the proximate result of the negligence of the servant, employee or agent of the defendant corporation.

"(2) Plaintiff claims of the defendant the sum of $400, in that heretofore and on, to wit, the 29th day of December, 1923, the plaintiff was driving his automobile on the streets of the city of Florence at the crossing of Wood avenue and Mobile street, both highways at this point being in the limits of the city of Florence, Ala.; that he was going north on Wood avenue, and defendant's car was going west on Mobile street, but that he, the plaintiff, reached the intersection of the crossing of said streets before the defendant's car, and plaintiff further avers that he was on the right side of the street as required by law, and had the right-of-way according to law, and while so driving his automobile the defendant's employee did negligently and carelessly run the defendant's automobile into the plaintiff's automobile and damaged plaintiff's automobile in the aforesaid sum. Plaintiff further avers that the injury complained of is the proximate result of the negligence of the defendant's agent or employee while acting within the line or scope of his employment.

"(5) Plaintiff claims of the defendant in the sum of $400 in that: Heretofore and on, to wit, the 29th day of December, 1923, there was an ordinance in the city of Florence, Ala., to wit, section 4 of an ordinance passed by commissioners of said city on May 2, 1916, which reads as follows: 'The streets, avenues, and drives of the city of Florence are hereby declared to be congested districts, and a rate of speed exceeding 15 miles per hour thereon is hereby prohibited. A rate of speed at street corners,

## 214 ALABAMA REPORTS

crossings, or in the business sections, or where traffic is congested, exceeding 10 miles per hour is hereby prohibited. A. rate of speed which is dangerous to property, life, or limb is hereby prohibited.' That on said date of the 29th day of December, 1923, plaintiff was driving his car north on Wood avenue in the city of Florence, Ala., and the defendant's employee or agent was driving its car west on Mobile street in the city of Florence, Ala., and that the defendant's employee or agent at this time, while driving the defendant's automobile in the intersection of said streets at a rate of speed exceeding 15 miles per hour, did negligently and carelessly run defendant's automobile into or against plaintiff's automobile and damaged the plaintiff's automobile in the sum aforesaid, and plaintiff further avers that said damage was the proximate result of the negligence of the defendant's agent or employee while acting within the line or scope of his employment."

Defendant demurred to the complaint as a whole upon the grounds:

"(1) For aught that appears to the contrary, plaintiff's complaint and the counts thereof do not state sufficient facts and averments to give this court jurisdiction of this cause.

"(2) For that said complaint and the counts thereof do not apprise this defendant with sufficient certainty where and wherein it breached any duty owing plaintiff."

—and assigned these grounds specially to count 2:

"(1) For that negligence therein is alleged in general terms, and as a mere conclusion of the pleader.

"(2) For aught that appears to the contrary, plaintiff was himself a trespasser at the time and place of the alleged collision out of which this claim arises.

"(3) For that defendant is not apprised with sufficient certainty as to the time and place said collision occurred.

"(4) For that the facts set out and the allegations of said count are insufficient to give this court jurisdiction of this cause.

"(5) For that it is not affirmatively alleged that plaintiff had a right, at the time of the alleged collision, to operate his said automobile on the said Wood avenue, or that he was not himself a trespasser at the time and place of the collision."

B. F. Smith, of Birmingham, for appellant.

Count 1 was defective in failing to allege that plaintiff's car was struck at a time and place where it had a right to be. Walker v. A., T. & N. R. Co., 194 Ala. 360, 70 So. 125; Stewart v. Smith, 16 Ala. App. 461, 78 So. 724. Failure to allege that Florence was an incorporated city and that the highway in question was public rendered the complaint subject to demurrer. Authorities supra. It was error to permit plaintiff to testify to what defendant's agent said after the accident. Ex parte Alabama Great Sou. Ry., 204 Ala. 504, 86 So. 100; Sou. Ry. v. Reeder, 152 Ala. 227, 44 So. 699, 126 Am. St. Rep. 23; Jones v. Central of Georgia R. Co., 204

Ala. 148, 85 So. 428; Stanton v. Baird, 132 Ala. 635, 32 So. 299.

Bradshaw & Barnett, of Florence, for appellee.

If there was error in overruling demurrer to count 1, it was harmless. A. G. S. v. Hunt, 204 Ala. 504, 86 So. 100; Davis v. Reed, 211 Ala. 207, 100 So. 226. The courts take judicial knowledge of municipalities and streets. 23 Cyc. 87; 28 Cyc. 832; 3 Bouvier's Law Dict. (Rawle's 3d Ed.) 3156; Smoot v. Wetumpka, 24 Ala. 121; Albrittin v. Huntsville, 60 Ala. 486, 31 Am. Rep. 46; Arndt v. Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922; Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep. 422. There was sufficient evidence to show defendant was doing business in Sheffield, and the affirmative charge was properly refused. Int. C. S. O. Co., v. Wheelock, 124 Ala. 367, 27 So. 517; Farrior v. New Eng. Co., 88 Ala. 275, 7 So. 200. Defendant waived the question of venue. 40 Cyc. 111. Objection to a question upon stated grounds is a waiver of other grounds. McDaniel v. State, 97 Ala. 14, 12 So. 241.

SOMERVILLE, J. [1] The first count of the complaint does not show that plaintiff, at the time of the alleged collision, was at a place where defendant owed him the duty of exercising due care not to collide with him. Failing to show any duty in the premises, the count does not show a cause of action.

[2-4] However, count 2 does state a good cause of action, and is not subject to any of the grounds of demurrer. It is not necessary to allege venue in a complaint, that being matter for defensive pleading in abatement. T. C., I. & R. R. Co. v. Bridges, 144 Ala. 229, 237, 39 So. 902, 113 Am. St. Rep. 35. Nor is it necessary, under the allegations of counts 2 and 5, as amended, showing a collision "on the streets of the city of Florence," to further allege either that the city of Florence is a municipal corporation, or that its streets are *public* streets and highways, both of which facts are judicially known by the courts of this state. The demurrers to these counts were properly overruled. The sufficiency of counts 3 and 4 need not be considered, since they were taken from the jury by affirmative instructions for the defendant.

Since the place of the collision was proved without dispute, as alleged, as was also the fact that defendant was *doing business* in Sheffield, in Colbert county, at the time of the collision, the submission of count 1 to the jury was neither of advantage to plaintiff nor of prejudice to defendant, and had no bearing on the result; the only substantial issue in dispute being the negligence vel non of defendant's agent, Taylor, in driving defendant's car against plaintiff's.

[5, 6] One of defendant's chief insistences is that he was entitled to the general af-

firmative charge on each of the counts of the complaint, because there was no evidence tending to show that the defendant company was "doing business" in Colbert county at the time of the collision or at the time of suit. There was, however, no plea to the venue raising such an issue; and, moreover, the insistence is refuted by the testimony of Taylor:

"I solicited goods here [in Sheffield] Decatur, Huntsville, and other places. I took orders for them [defendant]. I was their salesman. I was selling goods for them in this county at that time." F. & G. Cotton Oil Co. v. Baccus, 207 Ala. 75, 92 So. 4.

Under the Baccus Case this is "doing business" within the meaning of the venue statute (Code 1923, § 10471). In the case of I. C. S. Oil Co. v. Wheelock, 124 Ala. 367, 27 So. 517, relied on by appellant, the purchases of cotton seed were by brokers of limited authority, and were subject to confirmation by the corporation at its home office in another county, from whence the transactions were completed by dealings directly with the purchasers.

[7-9] Plaintiff's counsel was allowed to ask him "if immediately after this accident and there on the scene, he [Taylor] told you it was his fault"—the answer being that he did so declare. This testimony was undoubtedly objectionable, because it was but hearsay; Taylor's statement being manifestly not a part of the transaction but a comment upon it merely, based upon retrospection and deliberation. Governor v. Baker, 14 Ala. 652, 656; L. & N. R. R. Co. v. Carl, 91 Ala. 271, 9 So. 334; L. & N. R. Co. v. Lynne, 196 Ala. 21, 71 So. 338. The objection interposed was that it was "illegal, irrelevant, and immaterial, and because it called for a conclusion." The statement of these grounds of objection operated as a waiver of the objection as for hearsay, but the ground last stated was good.

If, obviating the objection of hearsay, plaintiff had propounded the inquiry as to his fault directly to Taylor testifying as a witness, he having said nothing contradictory of the answer sought, the question would have been objectionable because it called for a conclusion of the witness. It was of course equally objectionable on that ground when it called for the same conclusion through the medium of hearsay.

[10-12] Manifestly, it was not admissible on the theory of contradicting the declarant, since he had not as yet testified as a witness. We infer that it was admitted on the theory that Taylor was defendant's agent and could bind it by his declarations—an erroneous theory, because, as we have already stated, such declarations are binding on the principal only when they accompany and illustrate the act of agency. Authorities, supra. The admission of this alleged declaration by Taylor was probably prejudicial to defendant in the highest degree. So, also, any agreement made between Taylor and the plaintiff and Campbell, the automobile dealer, that the latter should let plaintiff have another car to use while the injured car was being repaired, was wholly irrelevant, and should have been excluded.

[13] If there was error in not allowing defendant to show by plaintiff, on his cross-examination, that at the time of the collision he was owing one Campbell the purchase money for the damaged car, that evidence was supplied fully on the cross-examination of Campbell, and the error was harmless.

For the errors noted, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.