143 So. 470

## VAUGHN et al. v. WHITESIDE.

6 Div. 117.

Court of Appeals of Alabama.

March 1, 1932.

Rehearing Denied June 7, 1932.

Theodore J. Lamar and T. A. Murphree, both of Birmingham, for appellants.

G. R. Hubbard, of Birmingham, for appellee.

RICE, J.

This appeal is from a judgment in appellee's favor, in her suit against appellants for "money had and received by appellants for the use of plaintiff (appellee)," etc.

There are no questions of law, worthy of mention, involved.

The complicated issues were entirely of fact —and complicated they were. However, it is apparent that the testimony on behalf of appellee was of that character that rendered it proper that the disputed issue, or issues, of fact, raised by it and the testimony on behalf of appellants, be submitted, in the first instance at least, to the jury, for their decision, under the entirely elementary principles of law that were involved—and which were correctly given to the said jury, in charge. There was surely—in fact, appellants counsel do not deny that there was—a "scintilla of evidence" supporting appellee's claim.

Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

The action of the trial court in overruling appellants' motion to set aside the verdict of the jury, etc., as for that it was against the weight of the evidence—or for any other reason—we do not find to be assigned for error, and hence is not before us for review. Code 1923, §§ 6088, 6101.

The written requested charge, the refusal of which is made the basis of appellants' assignment of error No. 7, does not state a correct proposition of law. It would have been otherwise had the concluding statement therein been predicated upon the plaintiff having "willfully" sworn falsely, etc. Tennessee Coal, Iron & R. R. Co. v. Wilhite, 211 Ala. 195, 100 So. 135.

It would seem but the statement of an axiomatic proposition of law to say that the error, if error there was, in excluding certain evidence, would be cured, where the substance thereof was, subsequently, fully testified to by the same witnesses, i. e., the witnesses from whom it was offered to elicit the testimony (evidence) which was excluded. Alabama Trunk & Luggage Co. v. Hauer, 214 Ala. 473, 108 So. 339.

The assignments of error "written upon the transcript," which are the only ones that we can consider, and then, only, when argued and insisted upon (Supreme Court Rule 1, Code 1923, vol. 4, page 880, and citations thereunder), do not, in this case, correspond with those set out in the brief of appellants. This has proved somewhat confusing.

But what we have said above seems to dispose of all those alleged errors assigned and argued in accordance with the rules.

In none of them do we find prejudicial error, and the judgment is affirmed.

Affirmed.

### On Rehearing.

Perhaps, out of respect to appellant's able counsel we ought, without reference to their motion filed here, asking leave to make additional assignments of error, and making no ruling, one way or the other, on the merits of said motion, to state that we have reexamined the entire evidence in this case, and are of the opinion that the claimed errors, inadvertently omitted from the assignments of error, upon original submission, were not, in fact, errors of a prejudicial nature. And the motion is denied, for this reason.

So nothing would be gained by allowing them to be now assigned etc.

The verdict of the jury, etc., was well supported by the evidence, and, according to the well-known rule laid down in Cobb v. Malone, etc., 92 Ala. 630, 9 So. 738, we would not be justified in disturbing it.

The application for rehearing is overruled.