198 So. 268

**CORSBIE et al. v. POORE.**

**6 Div. 546.**

Court of Appeals of Alabama.

June 25, 1940.

Rehearing Denied Aug. 6, 1940.

W. L. Chenault, of Russellville, for appellants.

Fite and Fite, of Hamilton, for appellee.

**SIMPSON, Judge.**

Appellee brought suit against appellants to recover damages to person and property alleged to have been sustained by him as the proximate result of the negligent operation of a motor vehicle, a truck owned, allegedly, by appellant Corsbie and being driven by appellant Southerland on a public highway in Marion County on or about October 5th, 1937.

The complaint, containing one count, complained that Southerland was, at the time and place specified, the agent, servant or employee of appellant Corsbie and acting within the line and scope of his employment by said Corsbie. The case, in so far as the pleadings are concerned, was submitted to the jury upon the complaint and defendants' plea of the general issue. The jury returned a verdict for the plaintiff and judgment thereon was accordingly entered. The defendants filed motion for a new trial, which was overruled, and now bring this appeal from the final judgment and from the judgment of the trial court upon the motion for a new trial.

■ There are six assignments of error mentioned in appellants' brief, but only five are sufficiently argued to invoke this court's decision. "Proposition No. 2" is not adequately argued and the review of this court will be restricted to matters properly insisted upon in brief and argument. Gulf, M. & N. R. Co. v. Fowler, 19 Ala.App. 163, 96 So. 87, and cases cited.

■ The first assignment of error, insisted upon by appellants, challenges the correctness of the action of the lower court in overruling defendants' demurrer to the complaint, taking the point that, in claiming damages for injury to person and property in the single count, there was a misjoinder of causes of action. The authorities cited by appellants are, to the question under inquiry here, not appropriate. The allegation for injury to person and property growing out of one tortious act is a single cause of action, comprehending, only, different items or elements of damage, and, as illustrated by Chief Justice McClellan in Birmingham Southern Railway Co. v. Lintner, 141 Ala. 420, 38 So. 363, 365, 109 Am. St.Rep. 40, 3 Ann.Cas. 461, "it is, of course, no objection to a count for personal injuries and for injuries to property that different evidence has to be resorted to in proof of the respective claims." 1 C.J., pp. 1058 and 1086; 1 C.J.S., Actions, p. 1193, § 66, p. 1251, § 92 (b3).

Passing over for the present the assignments of error insisted upon by appellants' Proposition No. 3, we consider Nos. 4 and 5. Although it is not clear just to which assignments of error these so called "propositions" allude, we assume it is contended by them that under the evidence the defendants were entitled to the general affirmative charge requested, and, failing, were entitled to have been granted their motion for a new trial.

■ According to the undisputed evidence below the truck driven by defendant Southerland on the night of the accident was, until that morning, owned and operated by Corsbie as a coal hauling truck, sometimes driven by Southerland in this business for Corsbie. On that day, however, it was contended by the appellants that Southerland had purchased the truck from Corsbie, agreeing to pay for it by hauling coal for Corsbie at $1 per load, this being

the first load hauled. After the accident Corsbie came and took possession of the truck. According to ·the evidence adduced for the plaintiff, however, Corsbie, himself, after the accident, stated that Southerland "was working for him (Corsbie) when the wreck happened." It would serve no useful purpose to elaborate upon the evidence. Suffice it to say, and it appears from what we have said above, that the evidence was in conflict as to whether or not, at the time and place alleged, Southerland was the agent, servant or employee of Corsbie and acting in the scope of his employment as such, and the court so finds the fact to be. Some of the testimony shows or tends to show that at the time and place described in the complaint Southerland was such agent, servant or employee, whereas some of the testimony (that for defendants) shows or tends to show that on said occasion Southerland was not such agent, servant or employee, but acting for himself. Clearly, therefore, this issue was for the jury.

■■■ As to the negligence vel non of defendant Southerland, this was also clearly for the determination of the jury. According to the plaintiff's evidence, his wagon, being driven by his nineteen year old son and upon which he also was riding, was partly off of the pavement on the right side of the highway, with lighted lanterns on the rear of the vehicle, when the truck driven by defendant Southerland, coming at a high rate of speed and in the same direction, ran into the rear of the wagon of plaintiff, destroying it, injuring one of the mules of the team, and severely injuring the plaintiff. This evidence and its tendency were controverted by. that for defendants. The conflict therein, thus presented, was for the jury and the issue was properly submitted to them by the court. It is not the province or duty of this court to say which witnesses were or were not to be believed. This was the exclusive province of the jury. And after hearing all of the testimony of the witnesses and the general oral charge of the court, which was ample, able and correct, and which clearly defined the issues in the case, said jury returned a verdict in favor of plaintiff. This verdict the trial court· refused to set aside on motion for new trial, and this court cannot and should not disturb the action of the trial court, either in the first instance of refusing for defendants the general affirmative charge, or later in overruling the motion for a new trial. Cobb v.

Malone & Collins, 92 Ala. 630, 631, 9 So. 738; Corona Coal Co. v. Sexton, 21 Ala. App. 51, 105 So. 716; Worley v. State, 28 Ala.App. 486, 188 So. 75.

■■■ It is insisted in appellants' "Proposition No. 3:" "The statements by Southerland after the wreck were not admissible as against the defendant, Corsbie." Upon his cross-examination as a witness, the defendant Southerland, who had denied, on direct examination, his agency of or employment by Corsbie, was asked by plaintiff's counsel if he had not made the statement to Messrs. Clements and Wilson, on Sunday after the night of the accident, that (at the time of the "wreck") he was "only driving the truck for Mr. Corsbie." Upon objection being overruled, the witness answered in the negative. Proper predicate as to time and place was laid for the contradiction. After the case for defendants was concluded, the plaintiff was permitted, in rebuttal (over objection and exception by defendants), to prove by said Clements and Wilson that the witness (and defendant) Southerland had made such a statement. The objection of defendants to the question propounded to Clements and Wilson, eliciting this evidence, was, "The defendants objected to this because it is immaterial, irrelevant and incompetent and otherwise illegal as applied to Corsbie." The agency, vel non, of Southerland being the main controverted question, it is urged upon us that the admission by the court of such testimony constituted prejudicial error. It is, of course, elementary that the . fact of agency cannot be proved by the statements or declarations of the alleged agent, other than by his testimony in the case in which the issue arises, 2 Am.Jur. p. 352, Sec. 445, and that a declaration or narration by an agent of a past incident, not in the prosecution of the principal's business or in the performance of his duties as agent in respect to the issue involved, is not admissible against his principal. Stanton v. Baird Lumber Co., 132 Ala. 635, 32 So. 299; Wade v. Brisker, 233 Ala. 585, 173 So. 64, and cases cited. Arlington Realty Co. v. Lawson, 228 Ala. 214, 153 So. 425.

■■■ In the manner, however, in which the question is presented by the record, this court is of the opinion that the trial court ruled correctly. Although the testimony elicited by the question was not of the res gestæ but the narration of a past event, or a declaration of the alleged

agent, without the scope of his authority and therefore not competent to prove agency, yet it was plainly admissible to impeach and contradict the witness Southerland—one of the defendants—on a material inquiry regarding his testimony, wherein he had testified that he owned the truck and was not at the time of the accident "working for Mr. Corsbie." On this inquiry the evidence was competent, under the authority of the Wade case, supra, where the almost identical question was presented. The point is disposed of by the following excerpt quoted therefrom [233 Ala. 585, 173 So. 66]: "While an agent's declaration is not competent evidence against the principal unless made in prosecution of the principal's business within the scope of the agent's authority, and with reference to and explanatory of some act or transaction * * * yet this rule has no application to an impeachment of the agent as a witness by showing a statement out of court contradictory to his testimony. Such was the purpose of the testimony referred to in assignments of error 128 and 130, and the rulings thereon were free from error."

To the same point we therefore hold that these assignments of error are unavailing. Other authorities are Southern Ry. Co. v. Smith, 177 Ala. 367, 58 So. 429; American Law Institute Restatement of Agency, p. 642, Sec. 285, a.

 "Moreover"—if we may be permitted to indulge in this conjunctive vernacular—it is observed that the question above discussed is not sufficiently presented to invoke a review by this court. The objection, interposed by the defendants, was general and did not present for the court's consideration its inherent and specific inadmissibility. A general objection, it has been held, is insufficient and for the overruling thereof the court will not be placed in error. Ellis Motor Co. v. Hibbler, 219 Ala. 53, 56, 121 So. 47, Snyder Cigar & Tobacco Co. v. Stutts, 214 Ala. 132, 107 So. 73; Trial, ☞84(1). The party against whom such testimony is offered had the right, of course, to request the court to instruct the jury that it be confined to the impeachment of the designated witness and could not be considered by them otherwise. This, however, he failed to do and he cannot, therefore, now complain. 2 Am.Jur. p. 353, Sec. 445; Ellis Motor Co. and Snyder cases, supra.

The remaining insistence of appellants ("Proposition No. 6") is: "The rights of these defendants are available to them under the general issue in rebutting the imputation negligence." Although this pronouncement is obviously vague, it is assumed that the argument subsumed thereunder seeks to support the assignments of error predicated upon the court's refusal of special written charges dealing with the question of contributory negligence of the plaintiff. According to the record there was no plea asserting such a defense. The sole plea of defendants, of record, was the general issue and this alone appears in the judgment entry. Contributory negligence is a defense which must be specially pleaded and with particularity, and in the absence of such special pleas the charges were properly refused. It therefore results that these assignments of error are not available to appellants and this court is not in position to undertake a review of the trial court on the question. Code 1923, § 9470; Kansas City, M. & B. R. Co. v. Crocker, 95 Ala. 412, 11 So. 262; Hovater v. Franklin, 217 Ala. 439, 116 So. 526; Byars v. Hollimon, 228 Ala. 494, 153 So. 748; Gulf, M. & N. R. Co. v. Fowler, 19 Ala.App. 163, 96 So. 87.

We find no reversible error in the case; the judgment appealed from is therefore affirmed.

Affirmed.