1 So.2d 36

**POWELL et al. v. PATE.**

**7 Div. 508.**

Court of Appeals of Alabama.
Aug. 6, 1940.

Scott & Dawson, of Fort Payne, for appellants.

C. A. Wolfes, of Fort Payne, for appellee.

SIMPSON, Judge.

This was an action for damages by appellee against appellants who were allegedly engaged in the operation of a Woco-Pep filling station in Ft. Payne, Alabama, and, in servicing appellee's automobile, negligently omitted to refill the crank case with oil after draining it, proximately resulting in the claimed damages.

There were two counts, one charging that appellant, Gordon Powell, was operating the station by and through the other two appellants as his agents or employees, etc., and the other that the three appellants were jointly engaged in said business. It was Gordon Powell's contention that the other two were the operators of the station, that he had no interest therein, but was merely the agent of Woco-Pep, selling its products out-right to the other two appellants.

One of the main insistences of error on this appeal is the action of the trial court in refusing to give for Gordon Powell the general affirmative charge, duly requested.

 A careful reading of the evidence convinces us that the court correctly submitted this issue to the jury. While the evidence was not abundantly conclusive that this appellant was interested in the operation of the filling station, there was more than a scintilla supporting such a conclusion, and, in these circumstances, reference of the issue for the jury's decision was proper. Vaughn v. Whiteside, 25 Ala. App. 165, 143 So. 470; Commonwealth Life Ins. Co. v. Clark, 25 Ala.App. 588, 151 So. 604; Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

The evidence was also strongly persuasive that the station attendants did negligently fail to refill the automobile with oil, resulting in the alleged damages. There was evidence tending to prove all the material averments·of the complaint, and on some the testimony was in direct conflict, by positive testimony or clear inferences therefrom. It likewise results, therefore, that there was no error in the action of the trial court in overruling appellants' motion for new trial. Cobb v. Malone, 92 Ala. 630, 631, 9 So. 738; Corona Coal Co. v. Sexton, 21 Ala.App. 51, 105 So. 716; Worley v. State, 28 Ala.App. 486, 188 So. 75.

The statement or admission by Gordon Powell that he would "do whatever was right and wanted Mr. Pate to be satisfied about it whatever it took" was admissible against him as declarations against interest. Landham v. Lloyd, 223 Ala. 487, 136 So. 815; Alexander v. Smith, 180 Ala. 541, 61 So. 68. Aside, however, the general objection only, that it was irrelevant, etc., operated as a waiver of a specific objection, as for an offer of compromise. Snyder Cigar, etc., Co. v. Stutts, 214 Ala. 132, 107 So. 73; Corsbie et al. v. Poore, 29 Ala.App. 487, 198 So. 268. Trial ⊕➔84(1).

It must be said, for counsel's future guidance, that, in appellants' brief and argument, the rule (Sup.Ct. 20) has been patently ignored. Disregarding its requirements, the points upon which the appeal is sought to be rested are not sufficiently argued, and this without citing supporting authorities, to invoke a review. Gulf, M. & N. R. Co. v. Fowler, 19 Ala.App. 163, 96 So. 87 and cited cases. Western Union Tel. Co. v. Emerson et al., 14 Ala.App. 247, 69 So. 335. Appeal & Error ⊕➔1079. On this likewise, therefore, affirmance is due.

The record is free of substantial error.

Affirmed.